UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAROLYN WHITLEY                                          CIVIL ACTION

VERSUS                                                          NO.  15-595-BAJ-RLB

PINNACLE ENTERTAINMENT, INC.
OF DELAWARE, ET AL.


<u>**ORDER**</u>

Before the Court is Plaintiff's Motion for Order Permitting Destructive Testing & Motion for Extension of Expert Report Deadlines (R. Doc. 25) filed on June 28, 2016.  The Motion is opposed. (R. Docs. 28, 29, and 31).  Plaintiff filed a Reply. (R. Doc. 36).[1]

Oral argument was held on the foregoing motion on September 21, 2016. (R. Doc. 60).

**I.      Background**

In her Amended Complaint, Carolyn Whitley ("Plaintiff") alleges that while she was sitting playing the slot machine at a casino owned and operated by Defendants PNK (Baton Rouge) Partnership d/b/a L'Auberge Casino & Hotel and Pinnacle Entertainment, Inc. of Delaware (collectively, "PNK"), the gas cylinder supporting her chair failed, causing the chair to violently drop and Plaintiff to suffer injuries. (R. Doc. 15 at 3).  In addition to PNK, Plaintiff named as a defendant Gasser Chair Co., Inc. ("Gasser"), the manufacturer and distributor of the chair.  (R. Doc. 15 at 2).  Gasser filed a third-party complaint against Hunt Components, LTD. and Federal Insurance Company ("Hunt"), the alleged component manufacturer of the gas cylinder and its insurer. (R. Doc. 22).[2]

---

[1] Plaintiff filed the Reply without seeking leave of court as required by Local Rule 7(g).  Having reviewed the Reply, the Court finds good cause for allowing it to remain in the record.
[2] The Court collectively refers to PNK, Gasser, and Hunt as "Defendants" in this Order.

On June 1, 2016, Plaintiff's counsel requested, through an e-mail, the opportunity to "schedule a lab/evidence examination of the chair at issue with all of [the parties'] experts present." (R. Doc. 25-2 at 9). Plaintiff's counsel also asked whether PNK had an exemplar chair that could also be examined by Plaintiff's expert. Counsel for PNK responded that "PNK is not in possession of an exemplar chair" to be examined by Plaintiff's expert. (R. Doc. 25-2 at 8). After an additional inquiry, PNK confirmed that it was not in possession of an extra chair to be used as an exemplar because all possible exemplar chairs were in use. (R. Doc. 25-2 at 5-7).

On June 16, 2016, Plaintiff served Requests for Production on PNK, Gasser, and Hunt, one of which requested the production of "[a]n exemplar chair which is at issue in this case." (R. Doc. 25-3). Plaintiff's counsel then attempted to have the other parties to agree on a protocol for inspection of the subject chair at issue, as well as an exemplar chair. (R. Doc. 25-2 at 1-4).

On June 28, 2016, just two weeks after serving the discovery request, Plaintiff filed the instant Motion. Plaintiff seeks an order (1) requiring Defendants to make available an exemplar chair for the purposes of inspection, testing, and comparison; (2) allowing testing of both an exemplar chair and the chair at issue to be performed by Plaintiff's expert Thomas Baker, P.E., consistent with his protocols; (3) permitting destructive testing on both an exemplar chair and the chair at issue; (4) setting a proper location where the tools and equipment required for testing are available to Mr. Baker; and (5) extending all deadlines through the filing of dispositive motions. (R. Doc. 25 at 6). Plaintiff has filed into the record Mr. Baker's proposed protocols for testing of the subject chair and an exemplar chair. (R. Doc. 25-4).

PNK opposes the Motion on various grounds. (R. Doc. 28). First, PNK argues that the motion fails to comply with Local Rule 7(d), which requires that all contested motions must be accompanied by a separate memorandum. (R. Doc. 28 at 1-2). Second, PNK argues that the

motion is premature because the 30-day period to respond to the request for production of an

exemplar chair had not expired at the time the motion was filed. (R. Doc. 28 at 2).  Third, PNK

argues that the motion should be denied because PNK does not have an exemplar chair to

produce because all similar chairs are in use. (R. Doc. 28 at 3).[3]  Fourth, PNK argues that

Plaintiff has not demonstrated that an exemplar chair is necessary for Plaintiff's expert to provide

an opinion, that destructive testing of an exemplar chair is necessary, or that the chair at issue

needs to be shipped to Plaintiff's expert in Pensacola, Florida for testing and inspection. (R. Doc.

28 at 3-4).  Finally, PNK argues that the only deadlines that should be extended are those

regarding "the inspection of the chairs, preparation of expert reports, and the conclusion of

expert discovery." (R. Doc. 28 at 4).

Hunt describes the motion as seeking "judicial enforcement of discovery efforts which

are excessive, premature, and with which Hunt cannot comply" because it does not have an

exemplar chair in its possession. (R. Doc. 29 at 1, 4).  Hunt further notes that the chairs in use at

PNK's facility have been subject to "unknown wear and tear and cannot be verified as a

standardized version of the subject chair." (R. Doc. 29 at 4).  Hunt argues that Plaintiff's

proposed inspection protocol is overly burdensome, as the protocol requires disassembly of the

subject chair; shipment to an independent lab for CT scanning; reassembly of the chair and a

battery of tests; full disassembly of the chair and cylinder; and finally storage in a "permanently

disassembled state." (R. Doc. 29 at 4).  As an alternative, Hunt suggests that the parties evaluate

---

[3] There is no dispute that the chair at issue is custom designed and cannot be purchased on the open
market. Gasser and Hunt represent that they do not have a chair to produce in their possession, custody, or
control.  PNK has provided a declaration by Travis Holland, a risk manager, representing that "[t]here are
no slot machine chairs similar to the one at issue . . . available to provide for destructive testing; all are in
use in operations of the casino which is open 24 hours a day, seven days a week, 365 days a year" and
that removing and providing one of the used chairs would have a "negative impact" on PNK because of
lost revenue. (R. Doc. 28-2 at 1-2).

3

whether the chair properly functions and only if a problem in functionality is determined should the parties disassemble any part of the chair. (R. Doc. 29 at 5).  Hunt does not, however, object to the extensions in the deadlines requested by Plaintiff. (R. Doc. 29 at 6).

Gasser adopts the arguments of its co-defendants, specifically stating that it opposes the motion on the ground that Plaintiff's suggested protocol would destroy the chair at issue before there was any determination of whether the chair has an operational problem and on the ground that Gasser does not have possession or control over an exemplar chair. (R. Doc. 31).

## II.     Law and Analysis

### A.     Motion to Compel

Plaintiff's Motion seeks an order compelling Defendants to provide an exemplar chair and to allow for destructive testing of the exemplar chair and the chair at issue.  Plaintiff asserts that she seeks this relief "pursuant to Rule 34." (R. Doc. 25 at 1).  Rule 34 does not authorize the party to seek relief regarding a request for production or for the Court to enforce the discovery sought.  Rule 37, on the other hand, provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).  Accordingly, the Court will construe Plaintiff's motion as brought pursuant to Rule 37.

The Court agrees with PNK that Plaintiff's motion is premature with regard to Plaintiff's Rule 34 discovery requests as the motion was filed just 14 days after the service of those requests.  Rule 34 provides a party with 30 days after service of a request for production and/or inspection to respond or object unless otherwise agreed upon by the parties or ordered by the Court.  *See* Fed. R. Civ. P. 34(b)(2)(A).  Only after the deadline to respond has expired can a

party move to compel disclosure for appropriate sanctions pursuant to Rule 37.  Accordingly, to the extent Plaintiff's motion seeks an Order compelling Defendants to comply with the Rule 34 Requests for Production, the Motion is **DENIED** as prematurely filed.

Nevertheless, there is no dispute between the parties that some inspection and/or testing of the chair at issue is required in this product liability action.  As discussed at oral argument, the Court will require the Defendants (after any consultation with their experts) to respond to Plaintiff's proposed protocol and then meet-and-confer with Plaintiff regarding the inspection and potential destructive testing of the chair at issue.  PNK, Gasser, and Hunt, either jointly or independently, must respond specifically to Plaintiff's proposed protocols on or before October 7, 2016.  The parties are then to meet-and-confer to discuss whether and to what degree minimally invasive inspection and/or testing of the chair at issue (and if permitted by the Court, an exemplar chair) can be conducted jointly by the parties' experts to determine (1) whether the chair functions properly to the satisfaction of PNK, Gasser, and Hunt; and (2) whether the internal gas cylinder at issue was manufactured by Hunt to the satisfaction of Hunt.  The parties are also to discuss whether and to what degree any additional testing shall be conducted, including the location of such testing.

After the parties meet-and-confer as described above, Plaintiff shall file a joint Amended Status Report indicating the parties' respective positions and any areas of agreement.

### B.    Motion to Extend Deadlines

Plaintiff also requests the Court to extend, pursuant to Rule 16, all deadlines through the filing of dispositive motions. (R. Doc. 25 at 6).  Plaintiff does not propose any actual extensions.

On August 29, 2016, Hunt filed a motion requesting an extension of the deadlines through the filing of dispositive motions. (R. Doc. 56).  The Court granted the motion, stating

that it would consider any appropriate modifications to the current scheduling order deadlines in light of the unresolved discovery disputes and delay due to the recent historic flood in the area after the Court held oral argument on the instant motion. (R. Doc. 57).

Consistent with that ruling, the Court finds good cause to **GRANT** Plaintiff's request for an extension of deadlines to the extent such deadlines concern the inspection and/or testing of the chair at issue, which all of the parties have anticipated throughout this action.  To facilitate the rescheduling of the deadlines in this action, the Amended Status Report to be filed by Plaintiff shall include the proposed deadlines of the parties and any agreements reached by the parties regarding the inspection and/or testing of the chair at issue and an exemplar chair.  To the extent the parties disagree on proposed deadlines, such disagreements must be noted in the Amended Status Report.  The Court shall hold a telephone scheduling conference following the filing of the Amended Status Report.

## III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 25) is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that on or before **October 7, 2016,** PNK, Gasser, and Hunt, either jointly or independently, must respond specifically to Plaintiff's proposed protocols for inspection and destructive testing.

**IT IS FURTHER ORDERED** that on or before **October 14, 2016,** the parties shall meet-and-confer to discuss the following issues regarding the inspection and/or testing of the chair at issue:

1. Whether and to what extent any minimally invasive inspection and/or testing of the chair at issue can be conducted to determine, to the satisfaction of the PNK, Gasser, and Hunt, whether the chair functions properly.

2. Whether and to what extent any minimally invasive inspection of the chair at issue can be conducted to determine, to the satisfaction of Hunt, that the gas cylinder within the chair was manufactured by Hunt.

3. Whether and to what extent the parties agree to jointly participate in Plaintiff's proposed protocols with regard to destructive testing of the chair at issue, including whether an appropriate location for such testing is available in a location closer to the forum than suggested by Plaintiff.

**IT IS FURTHER ORDERED** that on or before **October 21, 2016,** Plaintiff shall file a joint Amended Status Report detailing the parties' positions regarding inspection and testing, and providing proposed modified deadlines for this action.

**IT IS FURTHER ORDERED** that a telephone status conference is set for **October 26, 2016 at 2:00pm** to discuss the status of the case and the entry of revised deadlines.  Plaintiff's counsel shall initiate the call to chambers.

Signed in Baton Rouge, Louisiana, on September 26, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**