UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN WHITLEY | CIVIL ACTION |
| VERSUS | NO. 15-595-BAJ-RLB |
| PINNACLE ENTERTAINMENT, INC. OF DELAWARE, ET AL. | |

**ORDER**

Before the Court is a Motion to Compel Production of Subpoenaed Documents (R. Doc. 38) filed by Defendants PNK (Baton Rouge) Partnership d/b/a L'Auberge Casino & Hotel and Pinnacle Entertainment, Inc. of Delaware (collectively, "PNK") on July 21, 2016. The Motion seeks an order compelling the production of documents from the non-party Financial Indemnity Company ("Financial Indemnity") pursuant to a Rule 45. No opposition has been filed as of the date of this Order.

**I.     Background**

Carolyn Whitley ("Plaintiff") alleges that on October 20, 2014, while she was sitting playing the slot machine at a casino owned and operated by PNK, the gas cylinder supporting her chair failed, causing the chair to violently drop and Plaintiff to suffer injuries. (R. Doc. 15 at 3).

At her deposition on May 17, 2016, Plaintiff testified that she was involved in an automobile accident on July 1, 2015; made a claim for personal injury and damages to her vehicle to the other driver's insurer, identified by Plaintiff as "Kemper"; and, in the process of doing so, provided Kemper a recorded statement pertaining to the accident. (R. Doc. 38-2).

PNK represents that a Kemper representative informed it that the proper entity on which to serve a subpoena for documents related to the insurance claim was Unitrin Auto and Home Insurance Company ("Unitrin"). (R. Doc. 38-1 at 2).

On June 29, 2016, counsel for PNK issued a subpoena directing Unitrin to produce "[t]he entire claim file including but not limited to any transcript(s), recording(s), medical records, and record of payments made pertaining to Claim No. B034724LA15 for an accident that occurred involving Carolyn Whitley." (R. Doc. 38-3).  The subpoena sought compliance at a Baton Rouge address and directed service to be made to Unitrin through the Louisiana Secretary of State.  The proof of service attached to the subpoena indicates that it was served on an individual named Tammy Glorer, presumably an agent of the Louisiana Secretary of State, that same day. (R. Doc. 38-4 at 6).  The record further indicates that the Louisiana Secretary of State sent the subpoena, by certified mail, to CT Corporation System, in Baton Rouge, Louisiana, by on June 30, 2016, and that it was received by CT Corporation System on July 5, 2016. (R. Doc. 38-4 at 2-4)

On July 6, 2016, ClaimFox, on behalf of Kemper and/or Unitrin, responded that the subpoena for documents should be re-addressed to Financial Indemnity. (R. Doc. 38-4 at 1). According to Defendant, Financial Indemnity is an underwriting company for Kemper, and ClaimFox is a company that processes claims data requests on behalf of Kemper and Financial Indemnity. (R. Doc. 38-1 at 3).

On July 12, 2016, counsel for PNK issued a subpoena directing Financial Indemnity to produce "[t]he entire claim file including but not limited to any transcript(s), recording(s), medical records, and record of payments made pertaining to Claim No. B034724LA15 for an accident that occurred involving Carolyn Whitley." (R. Doc. 38-5).  The subpoena seeks

2

compliance at a Baton Rouge address and directs service to be made to Financial Indemnity through the Louisiana Secretary of State. Counsel for PNK also sent a copy of the subpoena to ClaimFox by fax on July 12, 2016 (R. Doc. 38-7 at 3) and by e-mail on July 13, 2016 (R. Doc. 38). The proof of service attached to the subpoena indicates that it was served on Tammy Glorer on July 12, 2016. (R. Doc. 38-4 at 6). There is no indication in the record, however, that the Louisiana Secretary of State sent a copy of the subpoena to Financial Indemnity Company and/or ClaimFox by certified mail or otherwise.

PNK represents that it received a CD with 42 pages of documents from ClaimFox on July 18, 2016. (R. Doc. 38-1 at 3). A ClaimFox representative certified that the 42-page production "represents the entirety for the file for Carolyn Whitley." (R. Doc. 38-7 at 8). PNK contends that the production did not include the entire claims file as there are no claim notes of the adjuster, and that it did not contain the recorded statement of Plaintiff. (R. Doc. 38-1 at 3).

PNK further represents that on July 19, 2016, its counsel held a conference with a ClaimFox representative, who indicated that all adjuster's notes, entries, and summary of any discussions with Ms. Whitley were "proprietary." (R. Doc. 38-1 at 3-4).

On July 21, 2016, PNK filed the instant motion to obtain any withheld documents responsive to the subpoena issued to Financial Indemnity. (R. Doc. 38).

On August 2, 2016, the Court ordered PNK to serve a copy of the instant motion on Financial Indemnity and to file into the record a certificate of service indicating that the motion has been served, and for Financial Indemnity to file an opposition within 14 days of being served the motion. (R. Doc. 50). PNK filed a Certificate of Service into the record indicating that on August 5, 2016, "the Motion to Compel was served via hand delivery upon Financial Indemnity

3

Company, through its agent for service of process, Louisiana Secretary of State on August 5, 2016. (R. Doc. 54 at 1; R. Doc. 54-3).

**II.      Law and Analysis**

Rule 45 governs discovery from non-parties through the issuance of subpoenas. Rule 45 subpoenas are subject to the same discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003). The party issuing the subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Where the person commanded to produce documents objects to a Rule 45 subpoena, "on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

PNK properly filed the instant motion to compel in this Court, which is the court for the district where compliance is required by the underlying subpoena. However, there is insufficient information in the record verifying that Financial Indemnity and/or ClaimFox has been provided notice of the instant Motion to Compel as required by Rule 45(d)(2)(B)(i). At most, PNK indicates that the Motion, and the Court's Order providing the deadline for Financial Indemnity and/or ClaimFox to respond, were sent to the Louisiana Secretary of State on August 5, 2016. There is no indication in the record that the Louisiana Secretary of State ever mailed the Motion and Order to Financial Indemnity and/or ClaimFox. PNK does not indicate whether the Motion and Order were otherwise provided to Financial Indemnity and/or ClaimFox by e-mail, fax, or otherwise.

Furthermore, the record does not support a finding that the underlying subpoena was properly served on Financial Indemnity and/or ClaimFox in the first place. Rule 45 provides that

"[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person. . . ." Fed. R. Civ. P. 45(b)(1). "The Fifth Circuit has held that personal service of a subpoena is required." *Bonnecaze v. Ezra & Sons, LLC*, No. 14-1774, 2016 WL 1268339, at *3 (E.D. La. Mar. 31, 2016) (citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires...personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance."); *see also Scottsdale Ins. Co. v. Education Mgmt., Inc.*, No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) ("A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service.") (citing Wright & Miller, § 2454 (2d ed. 1995) and cases cited therein); *Omikoshi Japanese Rest. v. Scottsdale Ins. Co.*, No. 08-3657, 2008 WL 4829583, at *1 (E.D. La. Nov. 5, 2008) (denying motion to compel compliance with Rule 45 subpoena where subpoena was not personally served).

Here, PNK provides no indication that the underlying subpoena was personally served on Financial Indemnity and/or ClaimFox. While ClaimFox responded to the subpoena by producing certain documents from the claims file, that act appears to have been voluntarily made in light of notice of the subpoena by fax and email, which do not constitute personal service of a subpoena. *See Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (fax and first class mail do not constitute personal service); *Bonnecaze*, 2016 WL 1268339, at *4 (e-mail and first class mail do not constitute personal service). The record does not even indicate whether the Louisiana Secretary of State attempted service by certified mail on Financial Indemnity and/or ClaimFox. The Court will not compel a third-party entity to produce documents in response to a Rule 45 subpoena that was not personally served. *See Scottsdale*, 2007 WL 2127798, at *3; *Omikoshi Japanese*, 2008 WL 4829583, at *1.

Finally, the record indicates that ClaimFox, the entity which PNK has corresponded with regarding the subpoena, is located in Ronkonkoma, New York. The subpoena at issue requires production to be made in Baton Rouge, Louisiana. PNK has not addressed how ClaimFox (or Financial Indemnity, the actual entity named in the subpoena) can be compelled to produce documents in Baton Rouge in light of the 100-mile rule provided by Rule 45(c)(2)(A) ("A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that PNK's Motion to Compel Production of Subpoenaed Documents (R. Doc. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall send a copy of this Order to ClaimFox, Inc., 905 Marconi Avenue, Ronkonkoma, NY 11779

Signed in Baton Rouge, Louisiana, on October 21, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**