UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAROLYN WHITLEY                                    CIVIL ACTION

VERSUS

PINNACLE ENTERTAINMENT, INC.               NO.: 15-00595-BAJ-RLB
OF DELAWARE, ET AL.

RULING AND ORDER

Before the Court is the **Motion *in Limine* to Exclude Evidence of Total Amount Billed for Medical Expenses (Doc. 27)** filed by Defendants Pinnacle Entertainment, Inc. of Delaware ("Pinnacle") and PNK (Baton Rouge) Partners ("PNK"). Plaintiff filed an opposition. (Doc. 42). Invoking principles of the collateral source rule under Louisiana law, Defendants' Motion seeks to exclude the total amount that Plaintiff was billed for Medical Expenses on the ground that it is irrelevant. (Doc. 42 at p. 3). Plaintiff argues that the totals are relevant to the issue of damages. (Doc. 53 at p. 5). For reasons explained fully herein, the Motion is **DENIED**.

I.   Background

Plaintiff alleges that on or about October 20, 2014, she was a patron at L'Auberge Casino & Hotel, owned and operated by Pinnacle and PNK. (Doc. 1-3 at pp. 1-2). While in front of a slot machine, the chair she was sitting in collapsed, causing serious injury. (*Id.*). She brought suit against several parties, including Pinnacle and PNK. (*Id.* at 1).

Pivotal to this motion, Plaintiff utilized the service of Bayou Medical Management ("BMM") to pay for her medical expenses after the incident. (Doc. 42). BMM contracts with personal injury plaintiffs. (Doc. 27-1 at p. 2). BMM agrees to pay the costs of medical care for the personal injury plaintiffs up front. (Doc. 42 at p. 2). Further, the personal injury plaintiff's payment to BMM is deferred until settlement, up to 2 years, but the plaintiff must pay the "full and customary" amount, meaning the full amount for the service prior to any discounts that BMM might negotiate for the service. (Doc. 27-1 at p. 2; Doc. 27-2 at p. 1; Doc. 42 at p. 2)

BMM makes a profit from this contract by negotiating with the medical providers to receive discounts on what it pays for the medical services. (Doc. 42 at p. 3). While BMM will ultimately be paid by the plaintiff the "full and customary" fee, BMM pays a lower amount at a discount it receives from the medical provider. (*Id.*; Doc. 27-1 at p. 2). BMM makes a profit by contracting with personal injury plaintiffs and charging them the full rate for the medical services, but it only pays the discounted rate. In exchange, personal injury plaintiffs have their medical costs paid upfront and prior to the litigation.

## II. Discussion

Defendant argues that total costs of the medical bills to Plaintiff are irrelevant, because BMM receives a discount on paying for the medical services. (Doc. 27-1 at pp. 2-3). In support of this point, citing *Hoffman v. 21st Century North America Insurance Company*[1], Defendants point to the exclusions from the collateral source rule under

---

[1] 2014-2279, 2015 WL 5776131 ---So.3d---.

Louisiana law and argue that without the benefits of the collateral source rule, the amount that Plaintiff pays to BMM is not relevant—all that matters is the amount actually paid to the physicians that treated Plaintiff. (*Id.* at 3). In other words, Defendants argue that if the expenses are not recognized under the collateral source rule, then the total amount must be illusory.

Plaintiff responds by arguing that the costs Plaintiff actually pays for her medical expenses are relevant to the amount of damages, and that *Hoffman* is distinguishable. (Doc. 42 at pp. 3-4).

"As adopted by the Louisiana Supreme Court, the collateral source rule is a rule of evidence and damages." *Kadlec Med. Ctr. v. Lakeview Anesthesia Associates*, 527 F.3d 412, 425 (5th Cir. 2008).[2] The rule prevents a tortfeasor from benefiting if the plaintiff received payment from sources independent of the tortfeasor. *Bozeman v. State*, 2003-1016 (La. 7/2/04), 879 So. 2d 692, 698. The rationale behind this rule is that a tortfeasor should not benefit—by claiming damages should be reduced—because of outside benefits provided to the plaintiff or procured by the plaintiff. *Id.* Otherwise, Plaintiffs may not be fully compensated for their injury. The rule allows a Plaintiff to present the full value of treatment, because barring the total would necessarily inure to the benefit of the accused tortfeasor.

---

[2] This Court has previously held that "[b]ecause the collateral source rule is a rule of damages—in addition to an evidentiary rule—under Louisiana law . . . Rules 401 and 402 of the Federal Rules of Evidence are implicated." *Wesley v. Jackson*, No. CV 14-537, 2015 WL 9581825, at *2 (M.D. La. Dec. 30, 2015). Thus, the collateral source rule implicates the Federal Rules of Evidence, and a discussion of the effect of the rule on this case is warranted.

However, the crux of Defendant's argument rests on an exclusion explained in *Hoffman*. In that case, the Louisiana Supreme Court held that a Plaintiff could not seek recovery for the full costs of the medical expenses incurred because Plaintiff's attorney had negotiated a discount with the medical provider. *Hoffman*, 2015 WL 5776131 at *4. The Louisiana Supreme Court recognized that "allowing the plaintiff to recover an amount for which he has not paid, and for which he has no obligation to pay, is at cross purposes with the basic principles of tort recovery." *Id.* at *4. Thus, the Court recognized an exception to the collateral source rule when attorneys negotiate a discount for their clients and the total amount *the client* has to pay is reduced.

However, the Court is not persuaded that this case falls under the exception, and thus, Plaintiff may present evidence of the total costs she actually must pay. In *Hoffman* the Louisiana Supreme Court was presented with a plaintiff who was attempting to recover money above the amount the plaintiff actually paid for medical expenses. However, in this case, the cost that Plaintiff will actually incur for her medical expenses is the customary rate that the doctors charge. (Doc. 42 at p. 2). And while BMM received a discount upfront, at most, this difference between the customary cost—which plaintiff has to pay in full—and the discounted rate consists of the profit BMM receives for agreeing to finance the medical costs up-front. (*Id.* at 3).

Considering that Plaintiff will have to pay the customary costs of her medical care, she will be allowed to present to the jury the cost that *she will incur* as a result of her injury.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion *in Limine* to Exclude Evidence of Total Amount Billed for Medical Expenses (Doc. 27)** is **DENIED**.

Baton Rouge, Louisiana, this 20th day of March, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**